No. 2213 —SAMUEL L. JAMES *v.* PIKE, LAPEYRE & BROTHER.

In a contract of pledge the pledgee has the right to dispose of the thing pledged in payment of his obligation at maturity, whether the thing pledged belongs to the debtor or to a third party, who gave it as surety for the debtor. The contract of pledge is different from that of surety. In the former case a material thing is given in pledge as security for the debt, while in the latter case a person is given as security that the debt will be paid, and in the latter case if the creditor give to the principal debtor an extension of time without giving notice to the surety, the surety thereby becomes discharged, which is not the case where a thing has been given as a pledge that the debt should be paid.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *E. H. McCaleb* and *Gibson & Austin,* for plaintiff and appellant. *Hays & New,* for defendants and appellees.

WYLY, J. The plaintiff has appealed from a judgment dismissing his injunction and rejecting his demand for the recovery of thirty-one shares of stock of the St. Charles street Railroad Company, which were pledged by him to the defendants, Pike, Lapeyre & Brother, to secure a loan to Walton & Deslonde on the note of the latter for $1500, due and payable the first and fourth of June, 1868.

The ground taken by the plaintiff is, that having pledged his stock to secure a loan to others, he is, in contemplation of law, a surety, and the defendants having granted the principal obligors an extension of time for the payment of the debt without his consent, thereby released his stock from the pledge.

We are unable to agree with the counsel of the plaintiff, either as to the facts or the law of this case. We are not satisfied from the evidence that there was an extension of the time for the maturity of the note. There was, however, an indulgence of a few days granted on the day of the maturity of the note to Walton & Deslonde, on the representation of Walton that James, the pledgee, was absent from the city, and in consequence thereof he was unable to pay the note, but that he would do so as soon as Mr. James returned, which would be in a few days. We regard the delay in enforcing the payment of the note as a mere indulgence; it was not an extension contracted for a valid consideration between the payees and the makers without the consent of the surety, if James, the pawnee, be considered such. But we do not concede that the contract of pledge can be extinguished in the manner contended for by the plaintiff.

The reasoning in the learned brief filed by the counsel of the plaintiff, showing the analogy between the obligation of suretyship and the contract of pledge, and the reason why the latter should become extinguished, as the former is discharged, by the prolongation of the terms granted the principal debtor without the consent of the surety, is ingenious, but not sound.

The contract of suretyship is where a person is given to secure a debt. The contract of pledge is where a thing is given to secure the debt. The two contracts have separate and distinct features. The right of the plaintiff to pledge his certificates of stock to secure the debt of Walton & Deslonde and the validity of the contract did not result from the law of suretyship, but from the law of pledge, C. C. 3100, 3108, and the rights of the pledgees in this case are the same whether the stock pledged belonged to the plaintiff or belonged to their debtors, Walton & Deslonde. The law authorizing the contract of pledge has not provided different modes of extinguishing it according as it may have been made for one's own debt or as security for the debt of another. The right of Pike, Lapeyre & Brother to the thing pawned in this case was just as valid, just as absolute and enduring as if they had received it from their debtors, Walton & Deslonde, instead of receiving it from the plaintiff. Protest and prompt notice of dishonor were in no manner necessary to protect them as pawnees; the rights of the parties were fixed by the contract of pledge and the law under which it was made. C. C. 3108, 3112, 3122. If protest and notice of protest were not necessary to preserve the pawn if it had been given to Pike, Lapeyre & Brother by their debtors, Walton & Deslonde, it was not necessary to preserve it when given to them by the plaintiff to secure the debt of said Walton & Deslonde. Where the law has not discriminated, we can not. Where the law of suretyship, viz., C. C. 3032, declaring "the prolongation of the terms granted to

the principal debtor without the consent of the surety, operates the discharge of the latter," has not been made applicable to the contract of pledge, and made a mode of extinguishing the obligation resulting therefrom, we ought not to apply it or declare it a legal mode of discharging obligations of that character.

The plaintiff also contends that as the stock was not transferred on the books of the St. Charles street Railroad Company to Pike, Lapeyre & Brother, the pawn was not legal; that the transfer and delivery of the certificates of stock to them, together with the written act of pledge, were not sufficient. Here we think the counsel of the plaintiff is again in error. We think the contract in this case is provided for by the express terms of the act of the twelfth of February, 1852, viz.: "Whenever a debtor wishes to pawn promissory notes, bills of exchange, stocks, obligations, or claims upon other persons, he shall deliver to the creditor the notes, bills of exchange, certificates of stock, or other evidences of the claims or rights to be pawned, and such pawn so made without further formalities, shall be valid, as well against third persons as against the pledgers thereof, if made in good faith."

We think the judgment of the court below is correct.

Judgment affirmed.

Rehearing refused.